## Campbell County Bank v. Schmitt, et al.

(Decided March 7., 1911.)

### Appeal from Campbell Circuit Court.

Pleading—Denial Upon Information—Demurrer.—Plaintiff sued defendant on a note. Defendant pleaded that it was given in payment of a gambling debt. Plaintiff replied that it had no knowledge or information sufficient to form a belief that the note was executed in payment of a gambling debt, and in a second paragraph set forth its understanding of the transaction. Held, that as plaintiff was not a party to the transaction, a denial upon informa-

tion was sufficient, and as the second paragraph of the reply did not show that the note grew out of a gaming transaction, it was likewise sufficient, and the trial court erred in sustaining defendant's demurrer to each of said paragraphs.

OTTO WOLF, for Appellant.

AUBREY BARBOUR, for Appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On November 7th, 1908, appellee, Frank Schmitt, executed and delivered to Walter Forster a certain promissory note, negotiable and payable at the Campbell County Bank, Bellevue, Kentucky, whereby he agreed and promised to pay, ninety days thereafter, to the order of said Forster, $400. Forster indorsed and discounted the note at said bank, receiving therefor the sum of $400. On February 5th, appellee Schmitt renewed said note by executing a new note for $400, payable in ninety days. This renewal note was also discounted by the bank On May 5th, 1909, the note was again renewed for a period of thirty days. Nothing was paid on the note, except the interest thereon, up to June 5th, 1909.

Appellee Frank Schmitt owned a certain piece of real estate in the city of Dayton, Campbell county, Kentucky. On February 2nd, 1909, he conveyed this property to his wife, Elizabeth Schmitt.

On July 15th, 1909, appellant, Campbell County Bank, brought this action to recover on the note in question, and to have the conveyance from appellee, Frank Schmitt, to his wife set aside on the ground that it was for the sole purpose of cheating, defrauding, hindering and delaying his creditors, and chiefly appellant. At the same time an order of attachment was asked and secured.

Appellee, Frank Schmitt, and Elizabeth Schmitt, answered in two paragraphs. In the first paragraph they denied that the transfer of the property referred to in the petition was made without consideration, or for the purpose of cheating, defrauding, hindering or delaying Frank Schmitt's creditors. In the second paragraph they pleaded that the original note, as well as the renewals thereof, were executed to Walter Forster in payment of certain bets and wagers between Frank Schmitt and Forster, Hauser & Company which were lost by appellee upon the future rise and fall in the price of grains

and stocks, made during a period of several months next prior to the execution of the original note, which bets and wagers were determined and settlements thereof made according to the difference in each case, less commissions charged by said Forster, Hauser & Company, between the contract price at the time of the deal and the market price at the date of delivery of the property, which property, however, was not delivered nor intended by any of the parties thereto to be delivered; that at the time of the execution of said note, said Walter Forster, together with Albert Hauser and other persons unknown to appellee, were engaged under the name of Forster, Hauser & Company in the business of gaming, speculating and wagering for money upon fluctuations in prices of grain, provisions and stocks, none of which were intended to be actually sold or delivered by any of the parties thereto; that Walter Forster was actually interested in said transactions and participated in the losses and winnings incident thereto, and he made the bets and wagers with appellee, and won the money from appellee for which said note was executed; that the consideration for the execution of said note, under the laws of Kentucky, was vicious, illegal and void.

Appellant's demurrer to the second paragraph of the answer was overruled; whereupon it filed a reply in two paragraphs. In the first paragraph appellant charged it had no knowledge or information upon which to found a belief that the original note or the renewals thereof sued on, were executed to Walter Forster in payment of certain bets and wagers between appellee Schmitt and Forster, Hauser & Company. The same character of denial was made as to the other allegations of the second paragraph. The second paragraph of the reply is as follows:

"For further reply herein the plaintiff says that at the time it discounted the original and renewal notes herein set out, it had no knowledge of any of the matters alleged in the defendant Schmitt's answer, and did not know of them until said answer was filed; that it has made inquiry and learned and charges the fact to be true, that the said firm of Forster, Hauser & Co. were engaged in the business of bond and stock brokerage in the city of Cincinnati, Ohio, and that the defendant Schmitt went to the office of said Forster, Hauser & Co., in Cincinnati, Ohio, and employed the firm to purchase for him ——— shares of Southern Pacific Rail-

way stock; that the said firm did so purchase said stock for him from the Consolidated Grain Co., in Cincinnati, Ohio, and that thereupon the said Schmitt was fully informed by the said Forster. Hauser & Co. of such purchase for his account; that subsequently the said Frank Schmitt by reason of the investment lost the sum of four hundred dollars, and at his, the said Frank Schmitt's, special instance and request, after said loss had been sustained, the codefendant Walter Forster paid for him the said loss in Cincinnati, Ohio; that subsequently the said Schmitt, in the city of Cincinnati, Ohio, executed and delivered to the said Forster the note herein sued on; that the said Forster had no interest nor share in the loss or profit that might or did accrue to the said Schmitt by reason of the transaction aforesaid and that Forster bona fide loaned the said Schmitt the money to pay his loss and receive his note therefor.''

Appellee's demurrer to each paragraph of the reply was sustained. Appellant having declined to plead further its petition was dismissed.

For appellees it is insisted that the action of the trial court was proper, because the second paragraph of the reply shows that the transaction in question was a gambling transaction and that Walter Forster was a member of the firm who conducted the transaction for appellee Schmitt. The difficulty with this position, however, is that we have no right to assume that the transaction was a gaming transaction. As appellant was not interested in, or connected with, the transaction in any way, it had the right to deny the allegations of the second paragraph of the answer by pleading that it had no knowledge or information sufficient to form a belief as to the matters therein set forth. It also had the right to set forth its understanding of the transaction. Should we construe the allegations of the second paragraph of the reply in connection with the allegations in the second paragraph of the answer, we might conclude that the money represented by the note sued on was lost in a gaming transaction. This, however, we have no right to do. The allegations of the same paragraph of the answer were properly denied. That being true, it necessarily follows that the demurrer to the first paragraph of the reply was improperly sustained. There is absolutely nothing in the second paragraph of the reply to indicate the character of the transaction; so far as it is concerned, the trans-

action may have been a perfectly legitimate one. We, therefore, conclude that the demurrer to the first and second paragraphs of the reply was improperly sustained.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the first and second paragraphs of the reply.